## ARGUED AND DETERMINED

#### IN THE

# SUPREME JUDICIAL COURT,

#### IN THE

## COUNTY OF NORFOLK, OCTOBER TERM, 1804,
## AT DEDHAM.

——◆——

### PAUL REVERE *versus* JONATHAN LEONARD & ANOTHER.

A grantor not permitted to explain his own grant, even in a suit in which he is not interested. *Qu.* These words in a deed, "*between A.* and *B.,*" are necessarily *exclusive* of the *termini* mentioned.

THIS was an action of trespass on the case for diverting water from the plaintiff's mill. The declaration stated that the defendants, together with *F. H. Robbins, Esq.*, were, on the 23d *day of Jan.* 1801, seised in fee of certain lands in *Canton*, through which there was a stream of water, &c., and on *that* day conveyed a *part* of the same lands, &c., in fee to the plaintiff, (*on which part so conveyed was situated the mill aforesaid,*) with the right of commanding and conducting the waters of the said stream through any dams, gates, &c., which then were or might thereafter be erected between *such a place and such a place*, to the mill aforesaid; and that the defendants had by dams, &c., obstructed and diverted the water, &c.

The defendants pleaded not guilty.

The substance of the deed from the defendants and *Robbins* to the plaintiff, was, that they conveyed in fee simple certain real estate, (describing it,) *of one moiety of which the [ * 92 ] said *Robbins* was seised in his own right, and the defendants of the other moiety, together with the slitting-mill and all other mills erected on the premises conveyed; and all the dams, rights of

69

water, and appurtenances thereto belonging; *which right of water includes the commanding and conducting the water through any gates that are or may be erected between the slitting-mill aforesaid, and the forge-dam, on* Taunton Road, *so called, whenever the same may be necessary for the use of the slitting-mill privilege.*

It appeared in evidence that the lands, &c., conveyed to the plaintiff, were situated *below* the defendant's lands, which made the other part of the lands of which they and said *Robbins* were seised at the time of the conveyance to the plaintiff as above mentioned ; and that, on that part of those lands which were not conveyed to the plaintiff, the dams, &c., which occasioned the diversion complained of, had been erected by the defendants.

It also appeared in evidence that the right of commanding and conducting the water by the grant to the plaintiff, extended beyond the boundary of the *lands* conveyed to him by the deed, to a considerable distance on the lands of the defendants ; and that, since the conveyance to the plaintiff, *Robbins* had conveyed to the defendants all his estate in the residue of the lands first mentioned.

In the course of the trial, it became important to ascertain the *place* of the *forge-dam* mentioned in the deed ; the parties not agreeing as to its location. The counsel for the defendants moved that Mr. *Robbins* might be sworn as a witness to prove what was understood and intended, by the parties to the deed; as the *forge-dam* therein mentioned. He was objected to, as not being a competent witness, on two grounds ; first, that he is inter-[ * 93 ] ested, and secondly, that it is against the rule * of law to permit a grantor to explain his own grant ; that the intent is to be collected from the deed itself, except in the case of a latent ambiguity, which may, indeed, be explained by parole evidence, but not by the testimony of the grantor himself.

As to the first ground of objection, the Court held, that as Mr *Robbins* was not interested in *the event of this suit,* it could not avail. But as to the second, they said, that, as at present advised, being called upon to decide immediately, and having no opportunity to recur to authorities, the grantor was never permitted to explain his own grant, even in the case of a latent ambiguity; that in such cases, although it was competent and often necessary to explain the same by the testimony of witnesses, yet such testimony could not come from the grantor. (1)

(1) It is not easy to perceive any reason why a grantor as such should be excluded from giving testimony relating to the title of lands which he has conveyed. In most instances, probably, he is interested in consequence of covenants express or implied , and it may be presumed that his *interest* is the sole reason why he should ever be rejected. Accordingly his evidence has been subsequently admitted in the case of

In this case the *Attorney-General*, for the plaintiff, contended that if the words of the grant could not otherwise be satisfied, it would be reasonable and equitable to construe the words, "between the *slitting-mill* and the *forge-dam*," in the deed, so as to *include* the *forge-dam*; and that therefore those words might mean to grant a right to the plaintiff of *commanding and conducting the water through the gates*, &c., *of* that *dam*.

SEDGWICK, J., charged the jury, and delivered it as the unanimous opinion of the Court, (viz., *Dana*, C. J., *Strong*, *himself*, and *Thacher*, justices,) that *those words* did not admit of the construction contended for by the counsel for the plaintiff; but were necessarily *exclusive* of the *termini* mentioned in the deed; and that it was against every legal principle to go out of the deed itself, by an inquiry into existing facts, to ascertain the meaning of *those* and *such like* words, there being in them no ambiguity of any kind; that what their meaning is, was merely a question of law, of which the * Court are to judge by the words themselves. [ * 94 ] He further said that, even admitting the construction contended for, there had been no evidence given of an interruption of the plaintiff's right; that if the right insisted on were in fact in the plaintiff, it was no more than a right for the plaintiff himself, or those claiming under him, to hoist the gates, &c., of the dam, whenever it might be necessary for the use of the *slitting-mill* privilege; a right appurtenant to the grant, but giving no right to the plaintiff to *command the defendants* to open the gates; nor laying any duty or obligation on the defendants to obey such command, if given.

The jury found the defendants not guilty.

*Attorney-General* (*Sullivan*) and *Richardson* for the plaintiff.

*Parsons* and *Wheaton* for the defendants.